IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18 CR 747 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO DORMAN, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes the United States of America, by and through its counsel, JUSTIN E.

HERDMAN, United States Attorney, and Peter E. Daly, Assistant United States Attorney, and

respectfully submits its trial brief for jury trial set May 8, 2019.


Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:     */s/ Peter E. Daly*_____
         Peter E. Daly
         Assistant United States Attorney
         Ohio Registration # 0084745
         U.S. Attorney's Office, Akron Branch
         2 South Main Street
         Akron, OH 44308
         Telephone: 330-761-0529
         Facsimile: 330-375-5492
         E-mail: Peter.Daly@usdoj.gov

1

## 1. Facts

The government expects to show the following facts at trial:

On May 23, 2018, law enforcement in Charleston, West Virginia, arrested an individual and seized approximately four pounds of methamphetamine from his possession.  Through investigation, authorities determined that the methamphetamine was supplied by Defendant Antonio Dorman during a transaction at the Sheraton Suites in Cuyahoga Falls, Ohio, on May 22, 2018.  Dorman used other individuals to courier the money and drugs between his hotel room and the buyer, who waited in the hotel parking lot.  Hotel records and security video confirmed Dorman's presence in the hotel, the buyer's vehicle in the parking lot, and the movement of items between the hotel and the buyer's vehicle.

The drugs were analyzed and confirmed to be approximately 1,700 grams of methamphetamine.

## 2. Proposed Stipulations

At this time, the parties have no proposed stipulations to submit to the Court.

## 3. Anticipated Legal Issues

The United States does not anticipate any complex legal issues in this case.

## 4. Anticipated Length of the Trial

The United States anticipates that the trial will conclude in two to three days.

2

## 5. Joint Proposed Jury Instructions

The parties, after conferring on the matter, submit the following set of joint proposed jury instructions and verdict form to be directed to the jury panel:

### General Principles – Introduction

(1)    Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every criminal case.

(3)    Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.

(4)    Then I will explain the defendants' position.

(5)    Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)    And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)    Please listen very carefully to everything I say.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.01, 2017 Edition.

3

## Jurors' Duties

(1)    You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)    The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)    Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.02, 2017 Edition.

4

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)     As you know, the defendant has pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendants what crime he is accused of committing. It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that the defendant is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that the defendant is guilty.

(4)     The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable

5

doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.03, 2017 Edition.

**Evidence Defined**

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

[(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.


Authority: Sixth Circuit Pattern Jury Instruction No. 1.04, 2017 Edition.

**Consideration of Evidence**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.05, 2017 Edition.

**Direct and Circumstantial Evidence**

(1)      Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)      Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)      Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)      It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.06, 2017 Edition.

9

**Credibility of Witnesses**

(1)      Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)      Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)      Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)      Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)      Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)      Ask yourself if the witness had any relationship to the government or the defendants, or anything to gain or lose from the case, that might influence the witness=s testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.


Authority: Sixth Circuit Pattern Jury Instruction No. 1.07, 2017 Edition.

11

**Number of Witnesses**

(1)      One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)      Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.


Authority: Sixth Circuit Pattern Criminal Jury Instruction No. 1.08, 2017 Edition.

**Lawyers' Objections**

(1)      There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)      The lawyers for both sides may have objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)      And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority: Sixth Circuit Pattern Jury Instruction No. 1.09, 2017 Edition.

13

## Defining the Crime – Introduction

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

(3)      Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

Authority: Sixth Circuit Pattern Jury Instruction No. 2.01, 2017 Edition.

14

**Stipulations**

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you may accept the following stipulated facts as proved:

[Read stipulation]

Authority: Sixth Circuit Pattern Criminal Jury Instructions, Section 7.21, as amended September 28, 2016.

15

**On or About**

Next, I want to say a word about the date mentioned in the Indictment.

The Indictment charges that a crime happened "on or about" a certain date.  The government does not have to prove that the crime happened on that exact date.  But the government must prove that the crime happened reasonably close to that date.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2017 Edition, Section 2.04.

16

**Inferring Required Mental State**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

Authority:  Sixth Circuit Pattern Criminal Jury Instructions, 2017 Edition, Section 2.08.

**Opinion Testimony**

You have heard the testimony of Brian Makela and Danielle LaVictoire, who testified as opinion witnesses.

You do not have to accept Brian Makela or Danielle LaVictoire's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Authority</u>: Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Section 7.03.

## II. Law Applicable to the Charges

## Count One: Possession with intent to distribute Methamphetamine

Count One of the Indictment charged the defendant Antonio Dorman with possession with intent to distribute at least 500 grams or more of a mixture and substance containing Methamphetamine.  The Indictment states as follows:

Count One

The Grand Jury charges:

1.      On or about May 22, 2018, in the Northern District of Ohio, Eastern Division, Defendant ANTONIO DORMAN, did knowingly and intentionally possess with the intent to distribute more than 500 grams of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

### Elements

The defendant, ANTONIO DORMAN is charged with the crime of possessing with the intent to distribute at least 500 grams or more of a mixture and substance containing Methamphetamine.   Methamphetamine is a controlled substances.  For you to find the defendant, ANTONIO DORMAN guilty of this crime, you must find the government has proved each and every one of the following elements beyond a reasonable doubt:

First: The defendant knowingly and intentionally possessed a mixture or substance containing Methamphetamine.

Second: The defendant, ANTONIO DORMAN intended to distribute a mixture or substance containing Methamphetamine.

I will now give you more detailed instructions on some of these terms.

First, I want to explain something about possession.

The government does not necessarily have to prove that the defendant physically possessed the Methamphetamine for you to find him guilty of this crime.  The law recognizes two kinds of possession--actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish constructive possession, the government must prove that the defendant, ANTONIO DORMAN had the right to exercise physical control over the mixture or substance containing Methamphetamine, and knew that he had this right, and that he intended to exercise physical control over the mixture or substance containing Methamphetamine at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant ANTONIO DORMAN had constructive possession of the mixture or substance containing a detectable amount of Methamphetamine, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

To prove that the defendant ANTONIO DORMAN "knowingly" possessed a mixture or substance containing Methamphetamine, ANTONIO DORMAN did not have to know that the substance was a mixture or substance containing Methamphetamine.  It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much of a mixture or substance containing Methamphetamine he possessed.

It is enough that the defendant knew that he possessed some quantity of a mixture or substance containing Methamphetamine.

The phrase "intended to distribute" means the defendant ANTONIO DORMAN intended to deliver or transfer a controlled substance sometime in the future.  The term distribute includes the actual, constructive, or attempted transfer of a controlled substance.  To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant ANTONIO DORMAN had the intent to distribute, you may consider all the facts and circumstances shown by the evidence. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Authority:  Sixth Circuit Pattern Criminal Jury Instructions, 2017 Edition, Sections 2.10, 14.01

**Unanimity Required:  Determining Amount of Controlled Substance**

The defendant ANTONIO DORMAN is charged in Count One of the Indictment of possession with the intent to distribute five hundred (500) grams or more of a mixture or substance containing Methamphetamine.  If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the offense.  You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of five hundred (500) grams or more of a mixture or substance containing Methamphetamine, then please indicate this finding by checking that line on the special verdict form.  In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

Authority:   Sixth Circuit Pattern Criminal Jury Instructions, 2017 Edition, Section 14.07A

**Court Has No Opinion**

(1)      Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:  Sixth Circuit Pattern Criminal Jury Instructions, 2017 Edition, Section 8.09

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA                    CASE NO. 5:18 CR 747

              Plaintiff,                    CHIEF JUDGE PATRICIA A. GAUGHAN

             v.

ANTONIO DORMAN,                    COUNT ONE / VERDICT FORM

              Defendant.

In Count One of the Indictment; that is, Defendant ANTONIO DORMAN, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing Methamphetamine on or about May 22, 2018, in the Northern District of Ohio.  We, the jury, find the Defendant, ANTONIO DORMAN,

        Guilty _____    Not Guilty _____

Proceed to signature line.

_____

FOREPERSON

_____

_____

_____

_____

_____

Date: _____

**6. Government's Proposed Voir Dire Questions**

      The United States submits the following proposed questions for inclusion in the Court's voir dire of the jury in this case.  In addition to the specific questions identified in Schedules A and B below, the government requests the Court ascertain the following general background information from each juror:

1.     His/her occupation;

2.     His/her marital status;

3.     The occupation of the prospective juror's spouse;

4.     Whether the prospective juror has any children;

5.     The ages and occupation(s) of such children.

**SCHEDULE A**

**--General Voir Dire Questions–**

1.     Do you know the defendant, ANTONIO DORMAN, or any members of his family?

    Mr. Dorman is represented by Attorney Kirk Migdal.  Does anyone know the attorney or members of his family?

2.     The Government is represented by Assistant United States Attorney Peter E. Daly.  Do you know AUSA Daly or members of his family?

3.     Do you know any of the partners or law associates of any of the attorneys?

4.     Have you, any member of your family, or close friend been a party, either plaintiff or defendant, in a civil case that has been filed in the course of the past ten years?

5.     Have you ever served on a Grand Jury?

25

6. Have you, any member of your family, or close friend ever been indicted by a Grand Jury?

7. Have you, any member of your family, or close friend ever been arrested or convicted of any crime other than a traffic offense?

    (a) If yes, provide the details.

    (b) Do you feel you, your family member or close friend were treated fairly by the police or prosecutor?

    (c) Would the prior experience with the criminal justice system affect your ability to be fair and impartial in this case?

8. Have you, any member of your family, or close friend ever been dishonorably discharged from a branch of the United States Military?

    (a) If yes, provide the details.

    (b) Do you feel you, your family member or close friend were treated fairly?

    (c) Would the prior experience with affect your ability to be fair and impartial in this case?

9. Have you, any member of your family, or close friend ever been the victim of a crime?

    (a) If so, would your experience make it difficult for you to be fair and impartial in this case?

10. Have you ever been a witness in a criminal case?

11. Have you ever served on a Petit Jury?

    (a) If yes, please provide the details.

    (b) Was it a civil or criminal case?

    (c) What court? (Federal, Common Pleas, etc.)

    (d) Did you participate in jury deliberations?

    (e) Did the jury reach a verdict?

12. Have you, any member of your family, or close friend ever been involved in a case or dispute with the United States Government or any agency thereof in which a claim was made against the government or in which the government has made a claim against you, a relative, or close friend?

13. Have you, any member of your family, or close friend ever maintained employment with:

  (a) Any law enforcement agency; or

  (b) Any other Agency or Department of the United States of America?

14. Would you judge the credibility of law enforcement officers, or other government witnesses, by the same standards that you would apply to any other witnesses?

15. The Court instructs you that an indictment is not evidence.  Would you regard an indictment as evidence or as an inference of guilt?

16. Do you have a hearing or sight problem that would interfere with your ability to see or hear the witnesses or to hear any audio recordings presented in this case?

17. Are you on any medication that would impair your ability to concentrate on the testimony, the arguments of counsel or the instructions of the court?

18. Do you have a health problem that would impair your ability to give this case your complete attention?

19. Does any member of your immediate family have a health problem that would impair your ability fully to concentrate on the testimony of this case?

20. Do you have any beliefs, whether personal, moral, or religious, that are of such a nature that you would not be comfortable sitting in judgment of another's guilt or innocence?

21. Do you know of any reason why you would be biased or assert prejudice or sympathy in this case?

22. Do you know of any reason why you cannot serve as a fair and impartial juror?

**<u>SCHEDULE B</u>**

1.  A defendant is presumed to be not guilty.  Will you presume this defendant to be not guilty unless and until the Government proves guilt?

2.  The Government must prove each and every element of a crime beyond a reasonable doubt before you may return a verdict of guilty.  Will you require the government to prove guilt beyond a reasonable doubt in this case?

3.  The law does not require that a defendant prove that he is not guilty.  Will you apply the rule of law that does not require a defendant to prove his innocence?

    (a) Will any of you feel uncomfortable finding Mr. Dorman not guilty if the government fails to prove its case against him? Explain

    (b) Conversely, will any of you feel uncomfortable finding Mr. Dorman guilty if the government proves its case against him beyond a reasonable doubt? Explain.

4.  Are you willing to confine your deliberations to the evidence in this case as presented in the courtroom?

5.  Are you willing to apply the court's instructions as to the law and not substitute any ideas or notions of your own as to what you think the law should be?

6.  Are you willing to wait until all the evidence has been presented and the court has instructed you on all the applicable law before coming to any conclusion with respect to charges contained in the indictment?

7.  In your deliberations are you willing to abide by your convictions and not agree with other jurors solely for the sake of being congenial, if you are convinced that the opinions of other jurors are not correct?

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2019, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/  Peter E. Daly
Peter E. Daly
Assistant U.S. Attorney